UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LOUIS JONES,<br><br>        Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>        Respondent. | Case No. 1:18-cv-01692-LJO-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING AND DENY PETITIONER'S MOTIONS FOR STAY<br><br>ECF Nos. 1, 2, 6<br><br>ORDER DENYING ALL OTHER PENDING MOTIONS<br><br>ECF Nos. 5, 8 |

Petitioner Eugene Louis Jones, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Because petitioner fails to state a cognizable habeas claim, we recommend that the court dismiss the petition at screening and deny petitioner's request to stay the case. Petitioner has filed other miscellaneous motions that do not pertain to the merits of the case; we will deny those motions.

**I.    Background**

Petitioner allegedly abused his wife during their marriage of thirty-three years, and his wife called the police in 2015 after an incident of physical assault. *See People v. Jones*, No.

F072438, 2017 WL 5507872 (Cal. Ct. App. Nov. 17, 2017).  A jury eventually found petitioner guilty of four offenses: (1) misdemeanor assault; (2) criminal threats; (3) intimidating a witness by force or threat of force; and (4) misdemeanor spousal battery.  The trial court sentenced him to twelve years and four months in prison.  In this habeas proceeding, petitioner challenges his sentence for the third offense, intimidating a witness by force or threat of force.

Under California law, the crime of witness intimidation has several variations, and the offense can be a misdemeanor or a felony, depending on the circumstances.  *See People v. Torres*, 198 Cal. App. 4th 1131, 1137 (2011) (discussing Cal. Penal Code § 136.1).  Under Penal Code Section 136.1(b), a "defendant who attempts to dissuade a witness from reporting a crime is guilty of either a misdemeanor or a felony."  *People v. Anaya*, 221 Cal. App. 4th 252, 269 (2013).  Under Section 136.1(c), "if the defendant's attempt is accompanied by an express or implied threat of force, the defendant is then guilty of a felony with an increased term of imprisonment."  *Id.*

In petitioner's case, he allegedly strangled his wife and then attempted to dissuade her from reporting the abuse (a misdemeanor) by threatening her with physical violence (a felony).  *See generally People v. Jones*, No. F072438, 2017 WL 5507872 (Cal. Ct. App. Nov. 17, 2017); *People v. Jones*, No. 15CMS-1524 (Kings Cty. Sup. Ct. filed May 26, 2015); ECF No. 1 at 18, 20.  The jury found that petitioner had intimidated his wife with threat of force, and the state trial court entered a judgment, indicating that petitioner was guilty of a felony under Section 136.1(c).  *See Jones*, 2017 WL 5507872, at *1; ECF No. 1 at 25.  The trial court amended the abstract of judgment twice for unidentified reasons, and the final abstract now indicates that petitioner is guilty under Sections "136.1(B)(1)/136.1(C)(1)."  ECF No. 1 at 27.  Petitioner appealed, claiming that the jury had insufficient evidence to find that he had threatened his wife with force.  *See Jones*, 2017 WL 5507872, at *1.  The California Court of Appeal, Fifth District ("Court of Appeal") affirmed.  Petitioner did not seek further review.

**II.     Screening**

Petitioner contends that the state trial court erred by sentencing him for dissuading a witness from reporting a crime with threat of force—a felony—when the government alleged the

threat of force as a sentence enhancement rather than a separate offense. The court should dismiss the petition at screening.

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). In a Section 2254 proceeding where the petitioner does not challenge a state court's factual determination, "habeas relief may be granted only if the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, Supreme Court precedent that was clearly established at the time of the adjudication." *Pizzuto v. Blades*, No. 16-36082, 2019 WL 3807973, at *12 (9th Cir. Aug. 14, 2019) (internal alterations and citation omitted). Clearly established Federal law "includes only the holdings, as opposed to the dicta, of the Supreme Court's decisions." *Id*. at *11.

Here, petitioner fails to state a cognizable habeas claim. It is true that conflating a sentencing factor with other issues in a criminal proceeding can result in constitutional violations. For example, if the government's allegations in the charging documents had failed to inform petitioner of the nature of his offenses—*i.e.*, that he attempted to dissuade his wife from reporting a crime by threatening her with force—such failure could have violated his right to due process. *See Rosen v. United States*, 161 U.S. 29, 34 (1896). Likewise, petitioner could have stated a claim if the error of conflating a separate offense with a sentencing factor had relieved the government's burden to prove "beyond a reasonable doubt of every fact necessary to constitute the crime." *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979). Similarly, any fact that increased his punishment beyond the prescribed statutory maximum—other than the fact of a prior conviction—required a finding from a jury based on proof beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

However, the principles discussed by these cases, which petitioner cites, do not apply here. Petitioner does not deny that the government alleged and proved that he used a threat of

force to dissuade his wife from reporting his domestic violence to the police. He does not argue, as he did on direct appeal, that the government had insufficient evidence to prove beyond a reasonable doubt that he used threat of force. He similarly does not dispute that the jury, not the judge, found the pertinent facts. Instead, petitioner assumes—without explanation—that the factual dispute litigated was a sentencing enhancement, not a separate offense.[1] This allegation is not enough to state a cognizable habeas claim. He has not identified any holding from the United States Supreme Court that supports his claim, and we have found no such holding. Thus, petitioner has not shown any violation of clearly established federal law.

### III. Petitioner's Motions for Stay

Petitioner moves to stay the case pending the decision by the California Supreme Court on his state habeas petition. ECF Nos. 2, 6. Because petitioner has not stated a cognizable habeas claim, the court should deny his motion to stay as moot.

### IV. Other Motions

Petitioner moves for leave to proceed in forma pauperis. ECF No. 5. The court has already granted him leave to do so. ECF No. 4. Petitioner's motion for leave to proceed in forma pauperis is moot.

Finally, petitioner has filed a motion titled, "Request to Have A Minimum of 60 Days to Respond to All Necessary Court Documents." ECF No. 8. He states that the inmate who has been helping him with this case has been transferred and that he needs time to find another inmate to help him. This court routinely imposes a fourteen-day period as the deadline for filing

---

[1] It appears to us that the alleged error—conflating a sentencing factor with an offense—did not happen. *See generally Jones*, 2017 WL 5507872. Although petitioner cites the case summary from the docket and the abstracts of judgment to show that an error occurred, he is mistaken. The government advanced alternate legal theories for petitioner's intimidation of his wife: (1) attempting to dissuade a witness from reporting a crime; and (2) attempting to dissuade a witness from reporting a crime with threat of force. ECF No. 1 at 18, 20; *Jones*, No. 15CMS-1524. The government similarly advanced alternate theories for petitioner's assault on his wife: (1) misdemeanor assault, and (2) felony assault. ECF No. 1 at 18, 20; *Jones*, No. 15CMS-1524. Petitioner does not argue that the government's pleading of alternate theories violated federal law.

4

objections to findings and recommendations. The issues raised in this case are not difficult. I will deny petitioner's preemptive motion for extensions.

## V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree with our conclusion or find that the case should proceed further. Thus, the court should decline to issue a certificate of appealability.

## VI. Order

1. Petitioner's motion to proceed in forma pauperis, ECF No. 5, is denied.
2. Petitioner's preemptive motion for extensions of time, ECF No. 8, is denied.

## VII. Findings and recommendations

I recommend that the court dismiss the case at screening, deny petitioner's motions for stay, and decline to issue a certificate of appealability. *See* ECF Nos. 1, 2, 6.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge who presides over this case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.

That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 31, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202